UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

SHAYEH DOV,

                Petitioner,

-v-

BUREAU OF PRISONS,

                Respondent.

CIVIL ACTION NO.: 20 Civ. 9370 (SLC)

**OPINION & ORDER**

**SARAH L. CAVE,** United States Magistrate Judge.

    Petitioner Shayeh Dov, an inmate at Otisville Federal Correctional Institution ("Otisville"), filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 seeking to be released to home confinement to receive medical treatment (the "Second Petition")[1]. (ECF No. 2 at 2).[2] Respondent Bureau of Prisons (the "BOP") filed a response opposing the relief Dov is seeking. (ECF Nos. 11, 12, 14) (the "BOP Response"). The parties agreed that the undersigned would exercise jurisdiction over this case for all purposes pursuant to 28 U.S.C. § 636(c). (ECF Nos. 9–10). On July 9, 2020, this Court denied a very similar petition filed by Dov (the "First Petition"). See Dov v. Bur. of Prisons, No. 20 Civ. 4343 (SLC), 2020 WL 3869107 (S.D.N.Y. July 9, 2020) ("Dov I").

    For the reasons discussed below, the Second Petition is DENIED.

---

[1] At times Petitioner's memorandum of law (the "MOL") references relief under 28 U.S.C. § 2255, but it is clear that the relief he requests is pursuant to 28 U.S.C. § 2241, and thus the Court will only address § 2241. (See ECF No 1-1).
[2] The Clerk of the Court rejected the initial version of the Second Petition filed in this action (ECF No. 1) due to a number of filing errors, including lack of the name of the Court, date, and signature. (See ECF entries dated 11/10/2020). Attached to ECF No. 1 were the MOL and Dov's medical records (the "Medical Records"). (ECF Nos. 1-1, 1-2). Dov refiled the Second Petition without the errors, but did not reattach his MOL and Medical Records. (ECF No. 2). Accordingly, the Court deems the properly-filed Second Petition (ECF No. 2) to include the MOL and Medical Records. (ECF Nos. 1-1, 1-2). BOP has also submitted a set of Dov's Medical Records, which are more comprehensive than those Dov submitted (713 pages in comparison to 412 pages) (the "Supplemental Medical Records"), and the Court will refer to the Supplemental Medical Records. (ECF Nos. 14-1, 14-2, 14-3).

I.       **BACKGROUND**

**A. Factual Background**

The factual background, including Dov's medical history through July 2020, is set forth in detail in Dov I and incorporated herein by reference. Dov I, 2020 WL 3869107, at *1–2. According to his MOL, since the Court's decision in Dov I, his kidney condition has deteriorated and he is concerned that he may need to commence dialysis. (ECF No. 1-1 at 2).

Dov's Medical Records reflect that on July 17, 2020, he visited Dr. Alphonso Linley at the prison health clinic complaining of pain from kidney stones; Dr. Linley prescribed Oxycodone and altered his other medications. (ECF No. 14-2 at 34). During a September 1, 2020 visit to the health clinic, Dr. Linley evaluated his kidney condition and noted its improvement. (Id. at 21). He was prescribed new diabetes medication, prior medications were renewed, and tests were ordered. (Id. at 22–23). On September 3, 2020, BOP sent him to an outside provider for a CT scan of his kidney. (Id. at 17; ECF No. 14-3 at 89–90). On October 2, 2020, during Dov's visit to the prison health clinic, Dr. Linley reviewed the CT scan, discussed with him additional care, prescribed new and renewed prior diabetes medications, and ordered additional testing. (ECF No. 14-2 at 12–15). Dov states in his MOL that the CT scan located two growths, one on his lung and one on his adrenal gland, that need to be monitored and potentially tested for malignancy. (ECF No. 1-1 at 2–3). On October 19, 2020, Dov returned to the health clinic complaining of groin pain, and was given additional pain medication. (ECF No. 14-2 at 7–8). On October 30, 2020, Dr. Linley renewed Dov's medications again. (Id. at 4).

Finally, he continues to "have severe problems related to his diabetic condition," including an incident in August 2020, when he collapsed due to a high blood sugar level resulting

2

from having his insulin injection without eating.  (ECF No. 1-1 at 3; ECF No. 14-2 at 20, 25–26).  During the September 1, 2020 clinic visit, Dov reported that, despite the episode in August, he was "feeling fine."  (ECF No. 14-2 at 20).  On September 16, 2020, Dr. Linley noted that Dov's "blood sugar levels are finally getting under control with [the] current regimen."  (Id. at 16).  His diabetes medications were altered during his October 2, 2020 clinic visit, and renewed during his October 30, 2020 clinic visit.  (Id. at 4, 12–14).  He was seen on November 5, 2020, when Dr. Linley altered his treatment plan to include a new diabetes medication and monitoring his glucose level.  (Id. at 3).  This alteration caused Dov to feel nauseous, so on November 9, 2020, the treating doctor altered his insulin level at his request.  (Id. at 2).

Dov alleges that, although the Court in Dov I recommended that BOP consider him for release, BOP "has not approved a release" for him.  (ECF No. 1-1 at 3).  Accordingly, Dov asks the Court to "exercise its authority under 18 U.S.C. § 3621(b)(4)(B) to recommend to the BOP that [he] be re-designated to home confinement to serve the remainder of his sentence."  (Id. at 10).

**B. Procedural Background**

The procedural background, up to and including the Court's decision, is set forth in detail in Dov I and incorporated herein by reference.  Dov I, 2020 WL 3869107, at *2–3.

## II.   DISCUSSION

**A. Home Confinement**

Dov asks the Court to recommend to the BOP that he be designated for home confinement for treatment of his medical conditions.  (ECF No. 2 at 2).  BOP correctly argues, however, under 18 U.S.C. § 3621(b)(4)(B), the BOP has the sole discretion to designate his place of confinement.  (ECF No. 11 at 2 (citing United States v. Venkataram, No. 06 Crim. 102 (JPO),

2016 WL 11448569, at *2 (S.D.N.Y. Dec. 12, 2016))). The factors that the BOP considers in making that designation include statements "by the court that imposed the sentence." 18 U.S.C. § 3621(b)(4). Here, Judge Dimitrouleas, the sentencing judge, in denying Dov's application for the same relief he seeks here, stated,

> Defendant is 50 years old and has served only a tiny fraction of his (87) month sentence. He has numerous medical problems, but he was still able to survive a COVID 19 infection. The Court does not find that there are extraordinary and compelling reasons to warrant any relief. Such relief would not promote respect for the law or act as a deterrent.

(ECF No. 12-1 at 1). Since this Court's decision in Dov I, it also does not appear that Dov renewed his request to Judge Dimitrouleas, as it seems he very well could have done.

Under the applicable statute, this Court is not the proper forum for Dov to request a recommendation for a home confinement designation, and his request to the proper forum — the sentencing court — has been denied. Accordingly, Dov's request that this Court recommend a home confinement designation is DENIED. To the extent Dov seeks a recommendation to BOP to place him in home confinement, he must pose that request to Judge Dimitrouleas. (See ECF No. 11 at 3 ("To the extent [Dov] believes that circumstances have changed, then he should direct his request to the sentencing court.")).

### B. Habeas Relief

As a federal inmate, Dov may challenge the conditions of his confinement by a petition for a writ of habeas corpus under 28 U.S.C. § 2241. See Dhinsa v. Krueger, 917 F.3d 70, 81 (2d Cir. 2019); Lagan v. Edge, No. 20 Civ. 2221 (AMD), 2020 WL 3403109, at *3 (E.D.N.Y. June 19, 2020). "This includes challenges to the dangerous conditions caused by the COVID-19 pandemic." Lagan, 2020 WL 3403109, at *3; see Basank v. Decker, No. 20 Civ. 2518 (AT), 2020

4

WL 1953847, at *8 (S.D.N.Y. Apr. 23, 2020) ("An application for habeas corpus under 28 U.S.C. § 2241 is the appropriate vehicle for an inmate in federal custody to challenge conditions or actions that pose a threat to his medical wellbeing."), appeal docketed, No. 20 Civ. 1966 (2d Cir. 2020); United States v. Credidio, No. 19 Crim. 111, 2020 WL 1644010, at *2 (S.D.N.Y. Apr. 2, 2020).

Although not codified in Section 2241, the Second Circuit has "held that federal prisoners must exhaust their administrative remedies" before seeking relief.  See Carmona v. U.S. Bureau of Prisons, 243 F.3d 629, 634 (2d Cir. 2001); Gordon v. Lappin, No. 07 Civ. 10948, 2008 WL 4179233, at *2 (S.D.N.Y. Sept. 10, 2008).  Because exhaustion is not a statutory requirement, a prisoner may seek a waiver of the exhaustion requirement by demonstrating cause and prejudice if "legitimate circumstances beyond the prisoner's control preclude him from fully pursuing his administrative remedies."  Carmona, 243 F.3d at 634; see Atkinson v. Linaweaver, No. 13 Civ. 2790 (JMF), 2013 WL 5477576, at *1 (S.D.N.Y. Oct. 2, 2013).  Where a delay poses a serious threat to the inmate's health and safety, the court may waive the exhaustion requirement.  See Washington v. Barr, 925 F.3d 109, 119 (2d Cir. 2019) (explaining that "an unreasonable or indefinite timeframe for administrative action" may constitute sufficient prejudice to justify waiver of exhaustion requirement) (internal citation omitted); United States v. Perez, No. 17 Crim. 513-3 (AT), 2020 WL 1546422, at *3 (S.D.N.Y. Apr. 1, 2020) (waiving exhaustion requirement where awaiting exhaustion of administrative process would be "futile and inadequate").

It is undisputed that Dov has not exhausted his administrative remedies.  (ECF No. 1-1 at 13 (Dov stating in his MOL that "there is no dispute that [he] did not exhaust the final level of the BOP administrative remedy program prior to filing [the] [P]etition.");11 at 4).  As the BOP points

5

out, "there is no indication that exhaustion would be futile or that [the] BOP has predetermined the issue before it." (ECF No. 11 at 4). During the conferences with the Court regarding the First Petition, and in Dov I, the proper BOP administrative procedures were discussed. Dov I, 2020 WL 3869107, at *2. In the Second Petition, Dov fails to explain why he has not pursued these obvious remedies.

The parties and the Court are united in their desire for Dov to "receive proper medical treatment." (ECF No. 11 at 5). The proper avenue, however, to ensure that occurs is for Dov to follow the designated administrative procedures at the facility who is responsible for his care. See United States v. Needham, No. 06 Crim. 911, 2020 WL 2512105, at *3 (S.D.N.Y. May 15, 2020) ("decisions regarding the adoption and execution of internal policies, including the discipline, care, and security of prisoners, ordinarily lie within the province and professional expertise of corrections officials") (internal citation omitted); United States v. Goldman, No. 97 Crim. 81, 1998 WL 906662, at *1 (S.D.N.Y. Dec. 29, 1998) ("The question of appropriate medical care for a prisoner is entrusted to the judgment of the [BOP]. This court does not have the jurisdiction to enter the type of order the defendant seeks."); see also Credidio, 2020 WL 1644010, at *2 (noting petitioner's failure to exhaust and absence of grounds to excuse for cause); Harrison v. Terrel, No. 11 Civ. 3974 (DLI), 2012 WL 3780328, at *2 (E.D.N.Y. Aug. 31, 2012) (dismissing section 2241 petition alleging deliberate indifference to medical needs for failure to exhaust). On the record before the Court, Dov has not shown that he exhausted the BOP's process, nor demonstrated cause and prejudice for not doing so. Finally, Dov's medical records indicate that he has recovered from COVID-19, and his kidney and diabetes conditions are being monitored regularly by the BOP's medical officers. (ECF Nos. 14-2, 14-3). In addition, the Supplemental Medical

Records show that Dov corresponds by email with Dr. Linley multiple times per week to discuss his treatment. (ECF No. 14-3 at 69–88). Accordingly, at present, the Court finds "there is no justification for circumventing the BOP and its authority to determine the appropriate place for incarceration." Lagan, 2020 WL 3403109, at *4; see Needham, 2020 WL 2512105, at *3 ("declin[ing] to disturb [the] BOP's decisions regarding [petitioner's] medical treatment").

Even if the Court were to waive the exhaustion requirement, however, the Second Petition fails on the merits. To establish a claim that he has been subjected to cruel and unusual punishment in violation of the Eighth Amendment, Dov must prove that his deprivation is "sufficiently serious," and that the BOP has demonstrated "deliberate indifference" to his medical needs. Farmer v. Brennan, 511 U.S. 825, 834 (1994). Deliberate indifference "follows from the principle that only the unnecessary and wanton infliction of pain implicates the Eighth Amendment." Id. (internal citation omitted). This inquiry assesses whether there is both "objective evidence that the petitioner is at serious risk of harm, and subjective evidence that prison officials demonstrated a 'conscious disregard' of the petitioner's medical needs." Lagan, 2020 WL 3403109, at *3 (quoting Farmer, 511 U.S. at 834). "Deliberate indifference is a mental state equivalent to subjective recklessness, as the term is used in criminal law." See Salahuddin v. Goord, 467 F.3d 263, 280 (2d Cir. 2006).

The Court credits Dov's assertions about the advanced stage of his kidney, diabetes, and heart conditions as sufficient to satisfy the objective element of his claim. See Candelaria v. St. Agnes Hosp., No. 01 Civ. 8594 (LTS) (RLE), 2010 WL 1221874, at *5 (S.D.N.Y. Mar. 29, 2010) (finding loss of kidney function to be "sufficiently serious to satisfy the objective element of the deliberate indifference claim"). Nevertheless, he has not established that the BOP has been

deliberately indifferent to his serious medical needs. Although he cites numerous articles about the prevalence of COVID-19, he has already recovered from that condition, and none of those articles (most of which are dated early in the pandemic) establish a willful or reckless disregard for the needs of inmates by the BOP's authorities or staff at Otisville. (ECF No. 1-1 at 4–10). Furthermore, neither party has cited, and the Court is not aware of, any court granting a sentenced prisoner's habeas petition after he contracted and recovered from COVID-19. See Shelby v. Petrucci, No. 20 Civ. 3233 (VSB) (SN), R& R, ECF No. 8 at 13 (S.D.N.Y. May 18, 2020) (noting the absence of examples of such decisions).

In addition, the medical records demonstrate that, since his arrival at Otisville in October 2019, he has regularly visited the medical clinic for his pre-existing medical conditions, spoken and corresponded with medical officers about those conditions; particularly since April 2020, he has been under close medical observation and treatment, including by two specialists, see Dov I, 2020 WL 3869107, at *6, and has seen outside providers as necessary. (ECF No. 14-2 at 17; ECF No. 14-3 at 89–90).

Dov has not identified any document in his medical records indicating that the BOP's officials "were aware of facts that made the potentially harmful nature of their treatment so obvious that they 'must have known' of the risk that such treatment presented." Candelaria, 2010 WL 122874, at *6. The medical observation and treatment set forth in the medical records fail to show that the BOP has been deliberately indifferent to Dov's medical needs; to the contrary, those records demonstrate that the BOP medical officers are closely monitoring and treating his conditions, which is the opposite of the conscious disregard required for an Eighth Amendment claim. See Jimenez v. United States, No. 11 Civ. 4593 (RJS), 2013 WL 1455267, at *7

(S.D.N.Y. Mar. 25, 2013) (finding that prisoner who received medical attention on four occasions, including two consultations with a physician and medications, failed to demonstrate deliberate indifference).

At most, Dov's arguments in the Second Petition show a difference of opinion as to how to treat his medical conditions, which is insufficient to establish a violation of the Eighth Amendment.  See Roice v. Cty. of Fulton, 803 F. App'x 429, 432 (2d Cir. 2020) (finding that deliberate indifference claim based on differences of opinion over medical treatment failed to state claim); Ward v. Coley, No. 18 Civ. 2382 (KMK), 2019 WL 977887, at *6 (S.D.N.Y. Feb. 28, 2019) (finding that "mere disagreement over the proper treatment" failed to state deliberate indifference claim); Rivera v. Doe, No. 16 Civ. 8809 (PAE) (BCM), 2018 WL 1449538, at *11 (S.D.N.Y. Feb. 26, 2018) ("prisoner's belief that he should have received more or different treatment (including referral to a specialist) is not, without more, sufficient to state a constitutional claim"), adopted by, 2018 WL 1441386 (S.D.N.Y. Mar. 22, 2018); Jiminez, 2013 WL 1455267, at *7 (noting that "'mere disagreement over the proper treatment does not create a constitutional claim'") (quoting Chance v. Armstrong, 143 F.3d 698, 703 (2d Cir. 1998)).

Accordingly, Dov's application for habeas corpus relief under Section 2241 is DENIED.

### III.  CONCLUSION

For the reasons set forth above, the Second Petition is DENIED.  The Clerk of the Court is respectfully directed to close this case.

Dated: New York, New York
February 11, 2021

SO ORDERED

_____
SARAH L. CAVE
United States Magistrate Judge